## SPEAR & TIETJEN SUPPLY CO. v. VAN RIPER.

(District Court, E. D. New York. July 16, 1900.)

PRINCIPAL AND AGENT—LIABILITY OF PRINCIPAL FOR DEBTS CONTRACTED BY AGENT.

The owner of a pleasure launch, who sent one of the crew to purchase supplies, in some instances not furnishing him with funds to pay for the same, but paying him the money on his rendering an account thereafter, must be held to have intended that his agent should buy on his credit, or that of his vessel, and is liable for supplies so furnished by a dealer, and which were delivered to and used on the vessel, but were not paid for by the agent.

In Admiralty. Suit to recover for supplies furnished to a vessel.

Hyland & Zabriskie, for libelant.

Hassett & Waldo, for respondent.

THOMAS, District Judge. The present libel is to recover the purchase price of certain goods alleged to have been furnished to the respondent for the use of the launch Kingston. The launch was a small boat used for the pleasure of the owner, who was himself master, although no licensed master was required. The supplies were sold, on the credit of the owner, to one Webber, who, upon the occasions of purchasing them, called himself "Captain Webber," although he was merely one, although the principal one, of the small crew. The libelant took no pains to inquire directly from the respondent whether Webber had authority to purchase the goods upon the credit of the owner or the launch, nor was any demand of payment made upon the owner until some time after the goods had been delivered to Webber or to the launch, or at a place designated by Webber, at which time the respondent had paid Webber all his disbursements and wages, and the latter had left the employment. The answer made upon the trial to the claimed indebtedness is that, while the respondent at times, and upon numerous occasions, sent Webber to purchase supplies for the yacht, he did not authorize him to purchase supplies upon credit, and that, on the other hand, he always furnished him with money to pay cash for the goods which he was sent to buy. It is considered that, if the respondent sent out Webber to buy goods, and furnished him with the money to pay for the same, he is not liable to pay for goods secured by Webber on credit. The mere fact that he authorized him to purchase would not justify the agent in buying upon credit, unless some other fact appeared. But if the owner sent Webber to buy goods, and did not furnish him with money, but received an account of goods purchased thereafter, and settled such account, he must have known that Webber was purchasing the goods upon credit, and intended him to do so. Thereby he authorized Webber to buy goods on behalf of the owner. Now, the bills presented by the respondent on the trial do not show that the respondent at all times furnished money to Webber to purchase the goods for cash, but the accounts rather show that Webber bought and was sent to buy goods for the launch without funds to pay for the same, and that he rendered an account thereafter, and finally received the money in

103 F.—44

settlement of the account produced by him. This illustrates that the owner knew, or should have known, that Webber was buying goods upon the credit either of the launch or as his agent. In such case the owner should make 'good to the seller the purchase price of such goods as are shown to have been delivered to him, or used by him or in his behalf; for it is considered that, if a principal sends his agent to buy and receive goods, and does not provide money to pay for the same, he intends that the agent shall buy on the credit of his principal, and there is no presumption that the agent will use his own money. The matter is therefore referred to a commissioner to ascertain what portion of the goods claimed to have been sold to Webber by the libelant was used for the benefit of the launch or the owner, or were accounted for to him, and for such portion the respondent should make payment. Let there be a decree accordingly, with costs.